**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
Douglas R. Miller
United States Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

November 10, 2026

To: Plaintiff and All Counsel of Record

Re: *Harewood v. Albert*
Civil No. 25-1555-JRR

**LETTER OPINION & ORDER**

Dear Counsel:

This Letter Opinion & Order addresses Plaintiff's motion to compel, ECF No. 57, and Defendant's opposition thereto, ECF No. 58.[1] For the reasons stated herein, I will grant in part and deny in part the motion.

**Legal Standard**

Federal Rule of Civil Procedure 26 sets forth the general scope of discovery in civil litigation: "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Discovery requests may be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Courts "consider both the importance of the discovery sought to the moving party, as well as the cost and burden to the producing party." *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37 (D. Md. 2000); *see also Behler v. Hanlon*, 199 F.R.D. 553, 561 (D. Md. 2001) (a court may restrict discovery if "it determines that the discovery would be burdensome, duplicative, unnecessarily costly, or insufficiently probative to the issues in the litigation to warrant the expense of production"). "District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel." *Pac. Life Ins. Co. v. Wells Fargo Bank, NA*, 702 F. Supp. 3d 370, 376 (D. Md. 2023) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). In exercising their discretion,

[1] This matter has been referred to me by the Honorable Julie R. Rubin for discovery and related scheduling. ECF No. 46; *see* 28 U.S.C. § 636 and Local Rules 301 and 302. The factual background is set forth in Judge Rubin's Memorandum Opinion, ECF No. 26, granting the partial motion to dismiss. *Harewood v. Albert*, No. JRR-25-1555, 2026 WL 795609, at *1-2 (D. Md. Mar. 23, 2026). My prior order, ECF No. 50, authorized Plaintiff to file this motion to compel if any of the discovery disputes he had identified in ECF No. 45, Request for Pre-Motion Discovery Conference and Certification under Local Rule 104.7, remained outstanding following further negotiation by the parties.

courts must administer the Federal Rules of Civil Procedure in a manner that secures the "just, speedy, and inexpensive determination" of every case. Fed. R. Civ. P. 1.

**<u>Timeliness of the Motion to Compel</u>**

Defendant argues that the motion to compel is untimely under the Local Rules because Plaintiff's request for a pre-motion discovery conference was not filed until more than 30 days after he had been served discovery responses. ECF No. 58 at 1. Per Local Rule 104.8(a):

> If a party who has propounded interrogatories or requests for production is dissatisfied with the response to them and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response.

On June 22, 2026, "Defendant served written discovery responses and an *initial* production of documents" on Plaintiff. ECF No. 58 at 1 (emphasis added). Plaintiff requested a pre-motion discovery conference on July 27, 2026 and served a motion to compel on September 14, 2026. *Id.*; ECF No. 57 at 3. This Court has held that, in reviewing timeliness of motions to compel under Local Rule 104.8(a), it will regard "serial and supplemental responses as one collective response." *Whittaker v. Morgan State Univ.*, No. JKB-09-3135, 2011 WL 6010499 at *1 (D. Md. Nov. 30, 2011). Defendant has produced additional responses to Plaintiff's discovery requests since his initial production, including on September 3, 2026, when Defendant made a second supplemental production of documents. ECF No. 58 at 2. Because the motion to compel was served within 30 days of the Defendant's September 3 supplemental production, the motion is timely under the Local Rules.

**<u>Dispute 1: "Command and State's Attorney communications identified by produced emails"</u>**

Plaintiff makes three requests for communications with the State's Attorney's Office that he argues are relevant to "test agency input, the resignation proposal, and information officials received about [Charles] Allen's credibility before the asserted independent witness-fitness determination." ECF No. 57 at 1. Defendant responds that these communications are of limited probative value and disproportionate to the needs of the case. ECF No. 58 at 2. I will address each of these three requests in turn.

Plaintiff requests "complete messages, replies, forwards, and attachments in the 'Grand Jury 03/07,' 'C.O. Harewood,' and 'Harewood – Letter' chains through April 28, 2023 [Plaintiff's termination date]." ECF No. 57 at 1. According to Plaintiff, all three threads pertain directly to his termination or to the State's Attorney's decision to not use him as a witness, *Id.* at 1, which Defendant states was the central, non-pretextual basis for Plaintiff's termination. ECF No. 58 at 2. First Request for Production No. 1 requests all documents relied upon in the decision to terminate Plaintiff. ECF No. 60-1 at 2. First Request for Production No. 2 requests all communications with the State's Attorney's Office concerning Plaintiff. *Id.* at 3. Second Request for Production No. 3 requests all communications between investigators, supervisors, or decision-makers regarding Plaintiff's conduct and the outcome of the investigation. *Id.* at 11. The language of these three requests is vague as to some potentially responsive documents and the scope is likely beyond what

is appropriate. However, Plaintiff's motion to compel is limited to three specific threads, each of which is clearly covered by these requests and, based on the information available, appears sufficiently probative and proportional to the needs of the case. Accordingly, I will order that Defendant produce all messages, replies, forwards, and attachments in the three specific email threads cited by Plaintiff through his date of termination on April 28, 2023.

Plaintiff also requests "the date, initiator, participants, and nonprivileged factual substance of the admitted pre-letter discussion, with existing notes or follow-up messages." ECF No. 57 at 1. The "pre-letter discussion" appears to reference Defendant's response to First Interrogatory No. 4[2]: "[p]rior to the written notification of April 26, 2023, at least one verbal discussion occurred between the Office of the State's Attorney for Washington County and Personnel of the Washington County Sheriff's Office." ECF No. 42-1 at 21. The interrogatory response sufficiently describes the nonprivileged factual substance of the discussion, but I will order the Defendant to supplement the response with the date, initiator, and participants, to the extent known. *See Bonumose Biochem, LLC v. Yi-Heng Zhang*, No. 3:17-CV-00033, 2018 WL 10068639, at *4 (W.D. Va. Sep. 10, 2018). Existing notes and follow-up messages related to that conversation are within the scope of First Request for Production No. 2 and are probative and proportional to the needs of the case, and so I will order that Defendant produce them.

Plaintiff additionally requests "[Detective Seargent Brian] Glines's documented transmittal of [Charles] Allen's conditional withdrawal request to [State's Attorney Gina] Cirincion and any response." ECF No. 57 at 1. Again, this request is specific enough to properly fall under First Request for Production No. 2 and Second Request for Production No. 3 and appears probative and proportional to the needs of the case, especially when confined to the period of February 1, 2023 through April 28, 2023 and limited to Sheriff's Office-held communications of Albert, Lazich, Footen, Glines, Rowe, and Bright and excluding protected legal advice and secret grand jury materials, as proposed by Plaintiff. *Id.* I will therefore order that Defendant produce responsive documents, limited to the date range and custodians proposed.

For any production under this Order, if Defendant withholds responsive materials on the basis of privilege, he shall provide a privilege log.

**<u>Dispute 2: "Heading 2 ESI withholding statement and limited supplemental search"</u>**

Plaintiff requests that Defendant be compelled to conduct an additional search with new terms and to provide a statement as to whether responsive materials are being withheld from the September 3 supplemental production. ECF No. 57 at 1. Defendant answers that no privileged documents were withheld in that disclosure; that he has already given a full and complete response in compliance with my previous order, ECF No. 50, following the August 12, 2026 discovery conference; and that any additional search would be disproportionate. ECF No. 58 at 2.

I agree with Defendant that he has already fulfilled his obligations under my prior order and the Federal Rules of Civil Procedure in regard to this issue, and I am satisfied that an effectively designed search has been completed. An additional search with new terms would be

[2] First Interrogatory No. 4 states: "Describe all communications between Defendant and the Washington County State's Attorney's Office concerning Plaintiff's ability to testify." ECF No. 42-1 at 21.

burdensome and insufficiently probative. Accordingly, Plaintiff's motion to compel this search is denied.

**<u>Disputes 3 and 5: "Zerkle records separated by incident and administrative process" and "Donivan unauthorized-recording investigation and resignation"</u>**

Plaintiff seeks additional documents related to Sergeant John Zerkle and Deputy Charles Donivan under the theory that they are potential comparators. ECF No. 57 at 2-3. Defendant argues that these requests are overbroad, minimally relevant, and disproportionate because of material distinctions that render both not valid as comparators. ECF No. 58 at 2-3.

For another employee to serve as a valid comparator, "the plaintiff must produce evidence that the plaintiff and comparator 'dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223–24 (4th Cir. 2019) (quoting *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010)).

Plaintiff alleges that Zerkle engaged in the same conduct and received different treatment. ECF No. 57 at 2. However, the Court has previously found that, under statute, Plaintiff was a probationary employee. ECF No. 26 at 17-18. Zerkle was not, affording him "materially different procedural protections, including the right to elect an administrative hearing board." ECF No. 58 at 3. This status difference may constitute substantially differentiating circumstances. Plaintiff also alleges that Donivan committed misconduct without similar punishment, but this conduct appears to be substantially different, even when taking all of Plaintiff's allegations as true. Donivan's relevant conduct, for which he was not indicted, involved the use of an unauthorized recording device, whereas Plaintiff was indicted in connection with an alleged physical assault on an incarcerated person. ECF No. 58 at 2.

I make no finding as to whether Zerkle or Donivan are in fact valid comparators. However, given the differing circumstances apparent from the record and the documents already produced by Defendant, any additional search in relation to either Zerkle or Donivan is unlikely to be any more than minimally probative, and would be unduly burdensome. Accordingly, I will deny Plaintiff's motion to compel with respect to Dispute 3 and Dispute 5.

**<u>Dispute 4: "Gsell conference participants and May 17 decision records"</u>**

Plaintiff seeks additional information and documents related to communications between Sherriff's Department command staff and Lieutenant Brian Gsell related to Plaintiff's use-of-force incident. (Gsell was apparently disciplined for submitting an inaccurate report about the use-of-force incident.)

Defendant's response to First Interrogatory No. 12[3] discusses one conference between Gsell and "Warden Rowe and perhaps others" on May 8, 2023, and mentions the potential for additional verbal conversations on unknown dates. ECF No. 42-1 at 26. Plaintiff moves to compel identities, dates, and nonprivileged substance of the May 8 conference and other possible verbal conversations. ECF No. 57 at 2.[4] Plaintiff also seeks unproduced notes and "decision messages" from those meetings. *Id.* Defendant argues that these additional records seek internal deliberations of limited relevance. ECF No. 58 at 3.

I find that the additional information requested falls within the scope of discovery requests propounded by Plaintiff. First Request for Production No. 14 requests all communications between command staff and Lieutenant Brian Gsell regarding Plaintiff's use-of-force incident. Second Request for Production No. 4 requests all documents reflecting approval or evaluation of Plaintiff's use-of-force report. Second Request for Production No. 7 requests "[a]ll documents reflecting disciplinary action taken against any officer involved in the incident." ECF No. 60 at 10, 12-13.[5] Moreover, even though some or all of the additional records and information requested by Plaintiff date to after his termination, they are probative of the events leading to his termination and sufficiently narrow to prevent undue burden.

Therefore, I will order that, to the extent known and not already included in the response to First Interrogatory No. 12, Defendant shall provide the identities, dates (or best available date ranges), and non-privileged substance of the May 8, 2023 conference with Gsell as well as any other verbal conversations with Gsell on the subject of Plaintiff's use-of-force incident. Defendant shall also provide notes and decision messages from those meetings, if any exist. If Defendant withholds responsive materials on the basis of privilege, he shall provide a privilege log.

**<u>Dispute 6: "Plaintiff's Transportation Deputy selection records"</u>**

Defendant indicates that he has produced the disputed materials contemporaneously with filing his opposition to the instant motion. ECF No. 58 at 3. Accordingly, this item appears to be

[3] First Interrogatory No. 12 states: "Identify all communications between command staff and Lieutenant Brian Gsell concerning Plaintiff's use-of-force incident, including dates, participants, and substance." ECF No. 42-1 at 26.

[4] Plaintiff appears to assert that certain documents, which he identifies by Bates range, suggest a May 17 meeting was at least arranged. ECF No. 57 at 2. I have not seen these documents so make no finding on this point.

[5] Second Request for Production No. 7 appears to have created some misunderstanding as to its scope; Defendant interpreted it as referring exclusively to discipline for involvement in the use-of-force incident itself whereas Plaintiff apparently intended it to sweep in discipline such as that imposed on Gsell for his reporting on the incident. Plaintiff asks the Court to compel Defendant to clarify its statement, made in response to Second Request for Production No. 7, that "no other officer involved in the December 2022 use-of-force incident received any form of disciplinary action," ECF No. 60-1 at 14, and reconcile it with Defendant's answer to First Interrogatory No. 12, ECF No. 42-1 at 9-10, which indicates that Gsell was disciplined. ECF No. 57 at 2. I conclude that no clarification or reconciliation is needed because it is obvious that the apparent inconsistency was a result of Defendant misunderstanding Plaintiff's intended scope. However, I find that Second Request for Production No. 7 is reasonably read to include documents related to the discipline of Gsell for his reporting on the use-of-force incident.

moot, subject to a renewed motion by Plaintiff on this limited issue if he believes that Defendant's supplemental production is incomplete.

**Conclusion and Order**

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion to Compel, ECF No. 57, is GRANTED IN PART AND DENIED IN PART, as follows:

1. Defendant shall produce all messages, replies, forwards, and attachments in the three specific email threads cited by Plaintiff in Dispute 1 through his date of termination on April 28, 2023.

2. Defendant shall supplement his response to First Interrogatory No. 4 with the date, initiator, and participants of the discussion acknowledged in that response,[6] to the extent known, and shall produce existing notes or follow-up messages related to that discussion.

3. Defendant shall produce Detective Seargent Brian Glines's documented transmittal of Charles Allen's conditional withdrawal request to State's Attorney Gina Cirincion and any response, confined to the period of February 1, 2023 through April 28, 2023 and limited to Sheriff's Office-held communications of Albert, Lazich, Footen, Glines, Rowe, and Bright and excluding protected legal advice and secret grand jury materials.

4. To the extent known and not already included in the response to First Interrogatory No. 12, Defendant shall supplement its response with the identities, dates (or best available date ranges), and non-privileged substance of the May 8, 2023 conference with Gsell as well as any other verbal conversations with Gsell on the subject of Plaintiff's use-of-force incident.

5. Defendant shall produce notes and decision messages from the May 8, 2023 conference with Gsell as well as from any other conversations with Gsell that Defendant identifies when supplementing its response to First Interrogatory No. 12 as ordered above.

6. If Defendant withholds any responsive materials on the basis of privilege, he shall provide a privilege log.

7. Plaintiff may renew this motion, limited to Dispute 6, if he believes that Defendant's fourth supplemental production is incomplete with respect to the items identified in that dispute.

8. The Motion is denied in all other respects.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

---

[6] I.e. the "discussion . . . between the Office of the State's Attorney for Washington County and Personnel of the Washington County Sheriff's Office, during which the Deputy State's Attorney explained that her office would not utilize Plaintiff as a witness in any proceeding…." ECF No. 42-1 at 21.

Sincerely,

*/s/*

Douglas R. Miller
United States Magistrate Judge